**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-295-DAF**

| | |
|---|---|
| JUAN THOMAS MASON, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>ANNE M. THOMPKINS et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on a review of the case after two documents mailed from the Court to Plaintiff's address of record were returned as undeliverable. See (Doc. Nos. 4; 8). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 15, 2011, alleging claims against various Defendants, including federal district judges, magistrate judges, and the United States Attorney for this district, alleging malicious prosecution and due process violations by each named Defendant.

The envelope filed with the Complaint contained a return address for Plaintiff of "Mecklenburg County Jail, PID # 120115, Post Office Box 34429, Charlotte, NC 28234-4429." See (Doc. No. 1-4). On July 5, 2011, mail addressed from the Clerk's office to the Mecklenburg County Jail address was returned to this Court as undeliverable. (Doc. No. 4). On the same day, Plaintiff filed a Notice with the Court indicating his current address as "Federal Correctional Institution, Post Office Box 725, Edgefield, South Carolina 29824." (Doc. No. 3 at 1).

On March 6, 2012, the Court entered an Order granting Plaintiff an extension of time in which to file his Administrative Remedy Statement. (Doc. No. 7). On March 15, 2012, the Clerk made an entry on the docket indicating that the Court's Order of March 6, 2012, had been returned

from the federal correctional institution in Edgefield, South Carolina, as undeliverable. (Doc. No. 8). No change of address notice from Plaintiff has been received by this Court since the Court's Order of March 6, 2012, was returned as undeliverable.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his current address constitutes a failure to prosecute. Therefore, this action is subject to dismissal for failure to prosecute. See FED. R. CIV. P. 41(b). Because of Plaintiff's pro se status, however, the dismissal will be without prejudice.

**IT IS, THEREFORE, ORDERED** that this matter is hereby **DISMISSED** without prejudice for Plaintiff's failure to prosecute this action by failing to keep the Court on notice of Plaintiff's current mailing address.

Signed: May 23, 2013

David A. Faber
Senior United States District Judge